1
2
3
4
5              UNITED STATES DISTRICT COURT
6             EASTERN DISTRICT OF WASHINGTON
7  RICHARD LAUREN VAN DE ROSTYNE,    )
                                      )    NO.    CV-11-5059-WFN
8              Plaintiff,             )
                                      )
9     -vs-                            )    ORDER GRANTING
                                      )    DEFENDANT'S MOTION FOR
10  CAROLYN W. COLVIN, Commissioner   )    SUMMARY JUDGMENT
    of Social Security,[1]            )
11                                    )
               Defendant.            )
12

13       Before the Court are cross-Motions for Summary Judgment (ECF Nos. 15 and 17).

14  Attorney Thomas Bothwell represents Plaintiff Richard Van De Rostyne; Special Assistant

15  United States Attorney David Burdett represents Defendant.  After reviewing the adminis-

16  trative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for

17  Summary Judgment, **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry

18  of judgment for the Defendant.

19                          **BACKGROUND**

20       Plaintiff protectively filed for disability insurance benefits (DIB) on November 27,

21  2006.  He alleged disability beginning September 1, 2005.  The claim was initially denied

22  _____

23       [1]   Carolyn W. Colvin became the Acting Commissioner of Social Security on

24  February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn

25  W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action

26  need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 1

on January 31, 2007, and again upon reconsideration on May 24, 2007.    Following these denials, a hearing was held before Administrative Law Judge (ALJ) R. S. Chester on September 16, 2009.    During the hearing, Plaintiff, who was represented by counsel, testified as did Plaintiff's wife and vocational expert Daniel R. McKinney.  A decision was issued on October 8, 2009, denying disability benefits.  Plaintiff requested review by the Appeals Council, which on January 28, 2011, issued a decision affirming the ALJ's decision.  This appeal followed. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

In *Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

*Id.*

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400.  If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).  Nevertheless, a decision

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 2

supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the Commissioner's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.,* 359 F,3d 1190, 1193-94 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

## STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here. Plaintiff was 48 years old at the time of the hearing. He has a high school education, two years of college, and a special certificate from the Naval Electrician's School. He previously worked as a general contractor and an electrician. Since the alleged onset date, Plaintiff stated has been unable to sustain competitive

1  employment on a regular and continuing basis due to a combination of impairments,

2  including: back pain, sciatica pain, a right elbow injury, asthma, and hyperlipidemia.

### ADMINISTRATIVE DECISION

4  The ALJ found Plaintiff's date of last insured for DIB purposes was September 30,

5  2009. Thus, Plaintiff needs to establish disability on or before that date in order to be entitled

6  to a period of disability insurance benefits.

7  At step one, the ALJ determined that Plaintiff did not engage in substantial

8  gainful activity during the period from his alleged onset date of September 1, 2004,

9  through his date last insured of September 30, 2009. At step two, he found Plaintiff

10  had severe impairments of degenerative disc disease of the lumbar spine and asthma.

11  The ALJ found that Plaintiff's hyperlipidemia was not a severe impairment. At step

12  three, the ALJ found that Plaintiff did not have an impairment or combination of

13  impairments that met or medically equaled any of the listed impairments described at

14  20 C.F.R. Part 404, Subpart P, Appendix 1(20 CFR 404.1520(d), 404.1525,

15  404.1526).

16  At step four, the ALJ found that through the date last insured, Plaintiff had the residual

17  functional capacity to perform light work as defined in 20 CFR 202.1567(b). This included

18  occasional stooping and climbing ladders, ropes or scaffolds, avoiding concentrated exposure

19  to extreme cold, vibration, fumes, gases or poor ventilation, and hazards such as unprotected

20  heights or moving machinery. Tr. 14-15. Notably, the ALJ found that Plaintiff's medically

21  determinable impairments could reasonably be expected to cause the alleged symptoms, but

22  that Plaintiff's statements concerning the intensity, persistence and limiting effects of these

23  symptoms were not credible to the extent that they are inconsistent with the residual

24  functional capacity assessment.

### ISSUES FOR REVIEW

26  The Plaintiff presents the following issues with respect to the ALJ's findings:

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 4

1.   Did the ALJ improperly reject the opinions of Plaintiff's treating and examining medical providers?

2.   Did the ALJ improperly reject Plaintiff's subjective complaints?

3.   Did the ALJ improperly reject the lay testimony?

4.   Did the ALJ fail to conduct an adequate step four analysis?

**1.   <u>Did the ALJ improperly reject the opinions of Plaintiff's treating and examining medical providers?</u>**  Plaintiff contends that the ALJ improperly rejected the opinions of Dr. Michael Breland, Dr. John Hoehn and Dr. Sean Duffy.  Plaintiff argues that the views of treating physicians are accorded great deference.  Defendant emphasizes the contradictory opinions of reviewing physicians Dr. Norman Staley and Dr. Charles Wolfe, who had the advantage of being able to review Plaintiff's entire file at once.  The Court begins by reiterating that the ALJ is responsible for resolving conflicts in medical testimony.

When specifically addressing Dr. Breland's opinion, Plaintiff begins by contending that the ALJ accepted Dr. Breland's opinion that Plaintiff could not return to his past work as an electrician (ECF No. 16 at 12).  The Court does not agree that the ALJ accepted Dr. Breland's opinion.  Rather than accepting it, the ALJ merely noted it.  *See* TR. 16.  As Defendant points out, Dr. Breland may have opined that Plaintiff was disabled from May, 2005 through November of 2006 from his previous work as an electrician due to the excessive bending, twisting and lifting required.  However, the ALJ emphasized (1) that finding of disability is an issue left to the Commissioner, (2) Dr. Breland did not comment on Plaintiff's ability to perform other work, and (3) Dr. Breland also opined that Plaintiff probably would not be disabled once he finished therapy.  *Id*.

Plaintiff further claims that the ALJ erred when he stated that Dr. Breland did not comment on Plaintiff's ability to perform other work, besides working as an electrician.  Plaintiff argues that Dr. Breland did comment on Plaintiff's ability to perform other

1  work: stating "[Plaintiff] appeared to be disabled and that it would seem reasonable that

2  [Plaintiff] had not worked before his surgery or after" (ECF No. 16 at 12). Plaintiff cites

3  to Tr. 215 for support, but Dr. Breland's notes do not, as Plaintiff suggests, state that

4  Plaintiff was not capable of work of any kind. Rather, they state that Plaintiff "has

5  been disabled from approximately May of 2005 through the present time *from his job as an*

6  *electrician* due to the excessive bending and twisting and lifting he would have to do." *Id.*

7  (emphasis added).

8           Plaintiff also contends that the ALJ inappropriately rejected Dr. Hoehn's opinion

9  that Plaintiff was unable to work "with nothing more than a vague assertion that it was

10 unsupported by the record as a whole" (ECF No. 16 at 13). Plaintiff argues that Dr. Hoehn

11 and Eileen Bow, ARNP, BE, were in the best position to evaluate Plaintiff as they were

12 Plaintiff's primary care providers as early as 2002. Further, Plaintiff believes that a letter

13 authored by Dr. Hoehn and Ms. Bow in December of 2006, supports the overall evidence and

14 that the ALJ's choice to give it less weight is legal error. The Court does not agree. The ALJ

15 gave the letter less weight because Dr. Hoehn saw the Plaintiff after his surgery and the

16 Plaintiff did not report any significant back pain to Dr. Hoehn until one month before the

17 letter was written. Rather, Dr. Hoehn noted that Plaintiff's pain was lessening in March of

18 2006. Tr. 270.

19          Plaintiff also contends that the ALJ improperly rejected Dr. Duffy's opinion

20 that Plaintiff needed to lie down during the day for a minimum of over an hour.

21 However, as Defendant points out, Plaintiff does not properly characterize the ALJ's

22 conclusions. Rather, the ALJ merely pointed out an inconsistency: (1) On September 4,

23 2009, Dr. Duffy signed the pre-drafted medical questionnaire, which states it was reasonable

24 for Plaintiff to "lay down for an average of about one and a half to one and

25 three-quarters hours during the eight or nine consecutive hours during a typical work

26 day considering Plaintiff's medical impairments." (2) On September 23, 2009, Dr. Duffy

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 6

1  noted that Plaintiff has "adequate control" of his "severe pain" with his "current medication."

2  Tr. 343-344.

3        In sum, the ALJ did not err in giving parts of the Doctors' opinions less weight

4  when they conflicted with other medical opinions. *Meanel v. Apefel,* 172. F.3d 1111, 1113

5  (9th Cir. 1999) (stating "[t]he ALJ is responsible for determining credibility, resolving

6  conflicts in medical testimony, and for resolving ambiguities").

7       **2.  Did the ALJ improperly reject Plaintiff's subjective complaints?**  Next,

8  Plaintiff contends that the ALJ failed to offer clear and convincing reasons in rejecting parts

9  of Plaintiff's testimony. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

10  Defendant responds that the ALJ found Plaintiff not entirely credible for multiple clear and

11  convincing reasons.  Specifically, the ALJ determined that the objective medical evidence

12  did not support the severity of Plaintiff's alleged symptoms and limitations.  Additionally,

13  Plaintiff continued to work ten to twelve hours per week during the latter part of 2006

14  (TR. 260), regularly walked one and a half to two miles four to five times a week (Tr. 316),

15  and worked around the house (Tr. 16).  The Court agrees with the ALJ that "[w]hile this work

16  is not indicative of an ability to perform full-time work, it does suggest that [Plaintiff] is at

17  least capable of some activity beyond what he alleges." Tr. 16.  The Court concludes that the

18  ALJ's rational interpretation of the evidence was reasonable.

19       **3.  Did the ALJ improperly reject the lay testimony?**  Plaintiff contends that the

20  ALJ improperly rejected the testimony of Plaintiff's wife.  Specifically, Plaintiff focuses on

21  the ALJ's statement that Plaintiff's wife works full time and would not be in an ideal position

22  to observe the Plaintiff on a daily basis.  However, what Plaintiff does not address is

23  the ALJ's statement that because Plaintiff's credibility regarding his need to lie down and

24  take breaks was lacking, his wife's observations of this alleged need would be based on

25  less than credible statements or behavior.  Tr. 17.  Defendant asserts that, assuming

26  *arrguendo*, Plaintiff's wife could make an assessment, the ALJ's failure to properly assess

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 7

her testimony was harmless error.  The Court agrees.  Because the ALJ properly found Plaintiff less than credible, his wife's testimony is cumulative of the testimony offered by Plaintiff.  The ALJ properly rejected Plaintiff's credibility based on well-supported and clear and convincing reasons.  Any failure to consider his wife's testimony is inconsequential to the ultimate nondisability determination and is therefore harmless.  *Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012).

**4.  Did the ALJ fail to conduct an adequate step four analysis?**  Lastly, Plaintiff challenges the ALJ's residual functional capacity (RFC) assessment.  At step four, the ALJ found Plaintiff could perform past relevant work as a general construction contractor.  Plaintiff asserts the step four findings are deficient.  Although the burden of proof lies with Plaintiff at step four, the ALJ still has a duty  to make the requisite factual findings to support his conclusion.  SSR 82-62.  This is done by looking at the "residual functional capacity and the physical and mental demands" of Plaintiff's past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).  Past relevant work is work performed in the last 15 years, that lasted long enough to learn it, and was substantial gainful employment.  SSR 82-61.[2]  In finding that an individual has the capacity to perform a past relevant job, the decision must contain the following specific findings of fact:

1.  A finding of fact  as to the individual's residual functional capacity;

2.  A finding of fact as to the physical and mental demands of the past job/occupation; and

3.  A finding of fact that the individual's residual functional capacity would permit a return to his or her past job or occupation.  SSR 82-62.

[2]Social Security Rulings are issued to clarify the Regulations and policy.  They are not published in the federal register and do not have the force of law.  However, under the case law, deference is to be given to  the Commissioner's interpretation of the Regulations. *Ukolov v. Barnhart*, 420 F.3d 1002 n.2 (9th Cir. 2005).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 8

These findings must be based on the evidence in the record and must be developed and fully explained in the disability decision. Evidence of the physical and mental demands of a particular job is found primarily in statements and vocational documentation by the claimant and the medical evidence; supplementary information may be found in the Dictionary of Occupational Titles (DICOT), other administratively recognized publications, or vocational expert testimony. SSR 82-61, 82-62. Vocational experts are used most often at an ALJ hearing. SSR 00-4p. Step four requires specific findings on all three points sufficient "to insure that the claimant really can perform his past relevant work." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001). Further, the final RFC must take into consideration the effects of severe and non-severe impairments, alone and in combination. 20 C.F.R. §§ 404.1545(a)(2); 416.945(a)(2).

The Court concludes that the ALJ made appropriate step four findings. Tr. 14-19. The ALJ gave detailed findings of fact as to Plaintiff's RFC. As discussed by the vocational expert, Plaintiff's past relevant work included employment as a general contractor, which is categorized by the DOT as skilled and light work. Tr. 59. Though medium work would be beyond Plaintiff's RFC, the light work of a general contractor was possible. Finally, the ALJ found that Plaintiff was able to perform the work of a general or construction contractor as generally performed in the national economy. The Court finds no error with this analysis.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence, is not based on legal error, and any potential errors are harmless. Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, filed May 21, 2012, **ECF No. 15**, is **DENIED**.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 9

1        2.  Defendant's Motion for Summary Judgment, filed July 2, 2013, **ECF No. 17**, is

2    **GRANTED.**

3        The District Court Executive is directed to file this Order and provide copies to

4    counsel.  Judgment shall be entered for Defendant and the file shall be **CLOSED.**

5        **DATED** this 11th day of March, 2013.

6

7                               s/ Wm. Fremming Nielsen

                                     WM. FREMMING NIELSEN

8    03-04-13                      SENIOR UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT -  10